```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

SHERRY SIEBENALER and              :
S.C. MORGANS,                      :
                                   :
     Plaintiffs,                   :
                                   :
          v.                       :    Case No. 2:08-cv-62
                                   :
JOSEPHINE ANN CURTIS,              :
                                   :
     Defendant.                    :
```

## MEMORANDUM and ORDER

Defendant Josephine Ann Curtis timely removed this civil action from the Grand Isle County Superior Court on March 18, 2008, based on diversity of citizenship and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1).  Plaintiffs Sherry Siebenaler and S.C. Morgans ("Siebenaler") timely moved for remand pursuant to § 1447(c).  For the reasons that follow, remand is **granted**.

Siebenaler's complaint seeks damages for breach of contract and defamation in connection with boarding and collecting semen from Curtis's registered Morgan stallion.  She claims damages for the costs of collection and storage, boarding and farrier costs in the amount of $5,500, loss of business and damage to reputation in the amount of $50,000, and punitive damages in the amount of $50,000.  (Compl. 5-6, ¶¶ 1, 2, 7.)

Siebenaler's principal argument[1] in support of remand is

---

[1]  Siebenaler also objects that her attorney is not admitted to practice before this Court, that the Notice of Removal omitted an

that she has now moved to amend her complaint to demand an unspecified amount of punitive damages rather than the $50,000 originally demanded.  (*Id.* ¶ 7; Mot. to Amend Compl. ¶ 1.) However, the amount in controversy is determined based on the complaint as it exists at the time the notice of removal is filed.  *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Siebenaler's complaint clearly seeks recovery in excess of the jurisdictional amount.[2]  Only if it appears that Siebenaler will be unable to recover more than $75,000 as a matter of law may she defeat removal.  *See, e.g., De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (in original jurisdiction case, "party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold").

In Vermont, punitive damages are ordinarily unavailable in a

---

e-mail address and telephone number for the attorney of record, and, without elaboration, that the proper venue for this action is the Grand Isle Superior Court.  None of these objections supplies grounds for remand, and in view of the disposition of this motion, need not be addressed.

[2]  The Court notes that the proposed amendment to the complaint to seek an unspecified amount of punitive damages might not defeat federal diversity jurisdiction in any case, should Curtis be able to show that the amount in controversy exceeds $75,000. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) (if jurisdictional amount is not clearly alleged in plaintiff's complaint, defendant's notice of removal must allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount).

breach of contract case, unless the breach "has the character of a wilful and wanton or fraudulent tort, or when the evidence indicates the breaching party acted with actual malice." *Villeneuve v. Beane*, 933 A.2d 1139, 1142 (Vt. 2007) (citing *Monahan v. GMAC Mortgage Corp.*, 893 A.2d 298, 304 (Vt. 2005)). "Actual malice may be shown by 'conduct manifesting personal ill will, evidencing insult or oppression, or showing a reckless or wanton disregard of plaintiff's rights.'" *Monahan*, 893 A.2d at 304 (quoting *Murphy v. Stowe Club Highlands*, 761 A.2d 688, 696 (Vt. 2000)). Siebenaler alleges that she has fully performed her contractual obligations to Curtis, but that Curtis has refused to sign paperwork necessary for her to register her foal with the American Morgan Horse Association, and "refuses to sign documentation including frozen semen certificates and/or a bill of sale for said semen." (Compl. 2, ¶¶ 8, 11, 12.) The complaint pleads no facts in connection with the breach of contract claim that, if proven, could result in an award of punitive damages.

In defamation cases in Vermont "punitive damages are available only where common-law malice, in addition to constitutional malice, is proved." *Ryan v. Herald Ass'n, Inc.*, 566 A.2d 1316, 1319 (Vt. 1989). *Ryan*'s definition of "common-law malice" is the same as *Monahan*'s definition of "actual malice." *Id.* at 1320. Siebenaler alleges that Curtis stated on an

3

internet web group "that the semen which Plaintiff holds was 'stolen,' and that 'the act was theft or some kind of fraud.'" (Compl. 4, ¶ 25.)  Siebenaler further alleges that Curtis "has published false statements regarding Plaintiff and Plaintiff's livelihood to numerous others both orally and on paper, including the American Morgan Horse Association, claiming, inter alia, that ownership of Plaintiff's foal is in question."  (*Id.* ¶ 26.)  These facts, if proven, do not amount to proof of malice for purposes of an award of punitive damages for defamation.

Because the complaint fails to make any allegations that if proven could support an award of punitive damages, it appears legally impossible for Siebenaler to recover more than the $55,500 she has alleged in actual damages for breach of contract and defamation.  *See Scherer*, 347 F.3d at 397.  Because the amount recoverable on her complaint as a matter of law does not satisfy the amount in controversy for diversity jurisdiction, the Court lacks subject matter jurisdiction, and the case is remanded to the Superior Court for Grand Isle County, Vermont.[3]

---

[3]  Should Siebenaler amend her complaint within one year of the commencement of this action to allege facts that if proven could establish her entitlement to punitive damages, then Curtis of course may again file a notice of removal within thirty days, as provided in 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(a), (b).

Dated at Burlington, in the District of Vermont, this 11th day of April, 2008.

                                          <u>/s/ William K. Sessions III</u>
                                          William K. Sessions III
                                          Chief Judge
                                          U.S. District Court